Thomas Stavola, Jr., Esq.; NJ Bar ID number: 380012022
Law Office of Thomas Stavola Jr. LLC
209 County Road 537, Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com  P: 732-790-0639

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS STAVOLA JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, 1401 Constitution Ave. NW Washington, DC 20230; <br> GINA RAIMONDO, UNITED STATES SECRETARY OF COMMERCE, acting in her official capacity, 1401 Constitution Ave. NW Washington, DC 20230 <br> NATIONAL MARINE FISHERIES SERVICE,1315 East-West Highway, Silver Spring, MD 20910; <br> JANET COIT, Director of the National Marine Fisheries Service, acting in her official capacity, 1315 East-West Highway, Silver Spring, MD 20910 <br><br> Defendant(s). | Case No. <br><br> Judge <br><br> **COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

# COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

On October 31, 2023, Save Long Beach Island (Save LBI) Incorporated submitted extensive comments to the defendant U.S. Department of Commerce on its proposed rulemaking to authorize construction of the Atlantic Shores South Project under the Marine Mammal Protection Act. The cover letter, provided here as Exhibit H was accompanied by five Enclosures. Many of those comments concerned information that was not provided in the proposed rule and its supporting technical documents which would allow Save LBI to discern how the impacts on marine mammals were being arrived at and whether the data, assumptions, and techniques being used were valid.

To secure that information, Plaintiff Thomas Stavola Jr., Esq. (on behalf of Save LBI) submitted a Freedom of Information Act ("FOIA") request to Defendant U.S. Department of Commerce on September 5, 2023, for records concerning information related to various vessel surveys. Plaintiff thereupon submitted an administrative appeal letter. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time

prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), 28 U.S.C. § 1331, and 28 U.S.C. § 1346.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff maintains a principal place of business in this District.

## PARTIES

3. Plaintiff Thomas Stavola Jr., Esq. submitted a FOIA request to the U.S. Department of Commerce, National Marine Fisheries Service, on September 5, 2023. He has a principal place of business in Colts Neck, NJ.

4. Defendant National Marine Fisheries Service ("NMFS") is a component agency of the U.S. Department of Commerce and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, National Marine Fisheries Service is responsible for the science and management of fish, other marine life, and their habitats. National Marine Fisheries Service has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

5. On September 5, 2023 , Plaintiff filed a FOIA request ("FOIA Request")[1] with National Marine Fisheries Service of the U.S Department of Commerce for records regarding:

- Paragraph 1 of the FOIA Request - connecting various survey vessels to their respective incidental harassment authorization.

---

[1] See Exhibit A, FOIA Request, September 5, 2023.

- Paragraph 2 of the FOIA Request involves the field verification plans for vessel surveys that the Bureau of Ocean Energy Management ("BOEM") requires.

- Paragraph 3 of the FOIA Request involves records for two noise devices which NMFS has already discussed in its IHAs.

- Paragraphs 4 and 5 of the FOIA Request refer to material used in the specific noise exposure modeling report that the NMFS is relying upon in its proposed rulemaking for the Atlantic Shores Project. Items 4 and 5 seek records related to model equations, inputs, and assumptions which necessarily must be the basis for determining proper noise source levels, noise dissipation rates, spatial extent of noise propagation, and noise exposure to marine mammals in that report. These are all variables which are integral in the determination of total marine mammal take estimates.

- Paragraph 6 of the FOIA Request refers to any internal modeling or other noise impact work that the NMFS, its contractors or its applicants may have already done for the Atlantic Shores project or the Ocean Wind 1 project that led NMFS to not include a numerical analysis of operational turbine noise in its rule makings.

6. The FOIA Request complied with NMFS, U.S. Department of Commerce's FOIA requirements and is attached as Exhibit A.

In an email dated September 5, 2023, U.S. Department of Commerce confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, DOC-NOAA-2023-010316. The agency's confirmation of receipt is attached as Exhibit B.

7. Defendant responded on September 22, 2023, and in its response, asserted that the information sought was either publicly available, or constituted information necessitating research on the part of the agency. See Exhibit C. This was and is counterfactual, as the requested information could not (and cannot) be located in publicly available documentation, and the requested information should be maintained by Defendant agency.

8. Accordingly, Plaintiff submitted an administrative appeal letter, dated, October 2, 2023. See Exhibit D and E. No acknowledgement of that appeal letter was received.

9. After Plaintiff connected with Mark Graff, lead NOAA FOIA Officer, the latter expressed to Plaintiff that the appeal may have gone unnoticed, and as such, reinitiated the process for Plaintiff on November 27, 2023. See Exhibit F.

10. On November 28, 2023, an acknowledgement of the appeal letter was received with a confirmation number: DOC-InfoLaw-2024-000011. See Exhibit G.

11. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. See 5 U.S.C. §

552(a)(6)(A)(i).

10. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. See 5 U.S.C. § 552(a)(6)(B)(i).

11. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. See 5 U.S.C. § 552(a)(6)(C)(i).

12. NMFS thus far has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. The Defendants did not respond to Plaintiff's administrative appeal letter dated November 28, 2024, as of the date of the drafting of this Complaint. Accordingly, Plaintiff is entitled to proceed with the filing of this Complaint in the District Court wherein he/she has a principal place of business or resides.

13. The withholding of the requested information denies the plaintiff critical information to prepare a comprehensive complaint on behalf of his client Save LBI, should legal intervention be required upon publication of the final rulemaking.

## CAUSES OF ACTION

### COUNT ONE: Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required

13. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

14. Under the FOIA, Defendants were required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

15. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

16. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

17. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

## Violation of the Freedom of Information Act, 5 U.S.C. § 552; Wrongful Withholding of Records

18. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

19. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request.

20. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

21. Pursuant to 5 U.S.C. § 552(a)(3)(A), the FOIA request submitted by Plaintiff reasonably describes the records, and the request does not compel NMFS to research, create records, or respond to questions under FOIA. See Exhibit D.

22. Defendants did not invoke any FOIA exemptions under 5 U.S.C. § 552(b).

23. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them. In fact, Defendants did not invoke any FOIA exemptions under 5 U.S.C. § 552(b).

24. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

25. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

26. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

27. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

28. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

29. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

30. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and,

31. Impose fines on the agency for the aforesaid unjustified withholdings, and grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: January 24, 2024

Respectfully Submitted,

*/s/ Thomas Stavola, Jr. Esq.*
Thomas Stavola, Jr., Esq.
NJ Bar ID number: 380012022
Law Office of Thomas Stavola, Jr., LLC
209 County Road 537
Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com
P: 732-790-0639